989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth IZZARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1948.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Izzard, a pro se federal prisoner, appeals from a district court order dismissing his motion to vacate filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Fed.R.App.P. 34(a).
 
 
 2
 Izzard entered into a conditional plea of guilty to a violation of 18 U.S.C. § 922(g)(1). Because Izzard had three prior Michigan felonies, he was subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Accordingly, he was sentenced to serve one hundred and eighty months in prison without the possibility of parole.
 
 
 3
 In his motion, Izzard argued that it was improper to use his first two Michigan felonies as a basis for sentence enhancement pursuant to 18 U.S.C. § 924(e), because, as to those two convictions, his civil rights had been fully restored. Specifically, Izzard argued that Michigan's eight-year prohibition on granting a pistol license to a convicted felon had expired by the time of the present offense. The district court determined that Izzard's civil rights had not been restored because under Michigan law a convicted felon is disqualified from serving on a jury.
 
 
 4
 On appeal, Izzard argues that being subject to a challenge for cause when called for jury duty should not be considered a fundamental impairment to his ability to sit on a jury. Further, he argues that "the court rules at issue" violate his "equal protection and anti-discrimination rights guaranteed under the Michigan Constitution."
 
 
 5
 Initially, we must address the United States's argument that Izzard's notice of appeal was not timely as it was not filed within thirty days. Fed.R.App.P. 4(a)(1) allows for a notice of appeal to be filed within sixty days after entry of the order appealed from "if the United States or an officer or agency thereof is a party...." We find Izzard's appeal to be timely.
 
 
 6
 We also find United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (U.S.1993), to be dispositive of this case. The Driscoll court determined that Michigan's limitation on a convicted felon's participation in jury service had the effect of denying full restoration of the felon's civil rights. Therefore, Izzard's argument that his civil rights were fully restored is not well-taken.
 
 
 7
 We decline to address Izzard's state constitutional arguments as they were not presented to the lower court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 8
 Accordingly, the order of the district court is affirmed. See Rule 9(b)(3), Rules of the Sixth Circuit.